THE GRANDVIEW HOSPITAL CO. *v.* CLARK ET AL.

(Decided May 21, 1928.)

*Mr. Raymond Ratliff,* for plaintiff in error.
*Mr. Chester J. Clark* and *Messrs. Taft, Stettinius & Hollister,* for defendants in error.

CUSHING, J. The Grandview Hospital Company, plaintiff in error here, brought an action in the municipal court of Cincinnati against defendants in error for money which it claimed to be due and owing said hospital.

The Hospital Company claimed that William Heffron contracted a debt with it for board, lodging, nursing, and medical care from April 6, 1925, to June 13, 1925, in the sum of $337.96; that of this sum $187.96 had been paid, and that there was still due and owing the sum of $150; that on June 5, 1925, Heffron was declared a lunatic by the probate court of Hamilton county, Ohio, and the defendant Chester J. Clark was appointed his guardian; and that said Clark gave bond with the defendant American Surety Company as surety.

The bill of particulars recites:

"Plaintiff further says that the said Chester J. Clark did not pay the aforesaid indebtedness to the plaintiff when he was guardian, as aforesaid, although if he had complied with the law and had collected the assets of his ward as required by law, he would have had in his possession at the time he was acting as such guardian sufficient funds to pay said indebtedness."

The answer of the Surety Company admitted the facts pleaded, including the section of the General Code of Ohio pleaded in the bill of particulars (Sec-

tion 10933), and denied that under the wording of this section it is liable to the plaintiff for the indebtedness incurred.

The municipal court entered judgment for the defendants. Error was prosecuted to the court of common pleas, which court affirmed the judgment of the municipal court. This action is prosecuted to reverse the judgment of the court of common pleas affirming the action of the municipal court.

The facts are: Heffron had been receiving a pension of $50 a month from the government of the United States; at the time of the appointment of the guardian he had in his possession two of these $50 checks; the guardian received similar checks for a few months after his appointment; and the guardian, on leaving the city temporarily, notified his ward of this fact, and the ward notified the government. The government thereupon proceeded to pay the pension checks to the ward.

It is claimed that the guardian was negligent in not taking charge of his ward's pension. The section of the statute above referred to, Section 10933, provides that the guardian shall "pay all just debts due from such ward out of the estate in his hands, and collect all debts due to the ward."

Title 38, Section 44, U. S. Code, provides:

"No pension shall be paid to any person other than the pensioner entitled thereto, * * * but the payment to persons laboring under legal disabilities may be made to the guardians of such persons in the manner herein prescribed."

It has been held that a pension granted by public authority is not a contractual obligation, but a gratuitous allowance, in the continuance of which

the pensioner has no vested right. See 21 Ruling Case Law, 242.

The statute of Ohio requires that the guardian shall collect debts due the ward. A pension not being a debt, the guardian was not bound to collect it; nor would he be under any obligation to pay a debt, owing by his ward, with the pension after it had been collected. The rule has been stated thus:

"The guardian of a person, *non compos mentis,* who is entitled to a pension from the *United States,* is not bound to apply the pension money in his hands to the payment of pre-existing debts of his ward." *Fuller* v. *Wing,* 17 Me., 222.

Another question presented is whether the action can be maintained in a court other than the probate court, on the ground that that court has exclusive jurisdiction over the settlement of accounts of guardians (citing *Newton* v. *Hammond,* 38 Ohio St., 430, and other cases).

We do not pass on this question, as we have already stated that a pension is a gratuity and no part of the estate of the ward. Therefore it cannot be levied upon, nor can a guardian be held for not applying it to the payment of the debts of his ward.

The judgment of the court of common pleas, affirming the judgment of the municipal court, will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.